**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

OCTAVIUS CHYNE COX, #103646     \*

       Plaintiff           \*

     v                   \*        Civil Action No.  GLR-12-3488

CLIFTON T. PERKINS HOSPITAL CENTER,\*
BCDC,
CIRCUIT COURT FOR BALTIMORE CITY,  \*
DOUGLAS GANSLER,
NANCY K. KOPP, and          \*
WARDEN

                          \*

        Defendants

                        \*\*\*

## <u>MEMORANDUM</u>

The above-captioned self-represented case, seeking both civil rights damages and habeas corpus relief, was filed on November 26, 2012, together with a Motion to Proceed in Forma Pauperis.  ECF No. 2.  Because he appears to be indigent, Plaintiff's motion shall be granted.

Plaintiff is confined at Clifton T. Perkins Hospital in the context of a criminal case emanating from the Circuit Court for Baltimore City.  He seeks monetary damages as well as release from confinement based on alleged errors in the involuntary commitment process.  It appears from the Complaint he is currently being held because he is not competent to stand trial.  He claims the criminal charges should have been dismissed because the victim moved to another state and Plaintiff was simply committed to Perkins in an effort to force him to accept a plea bargain offered by the state.  ECF No. 1 at 3 – 4.

To the extent the Complaint seeks habeas corpus relief, Plaintiff must demonstrate exhaustion of state court remedies before this Court may hear his claim.  Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if a petitioner is in custody, has exhausted state court

remedies, and special circumstances exist that justify intervention by the federal court. <u>See</u> <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 224–26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. <u>See</u> <u>Baker v. Corcoran</u>, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. <u>See</u> <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 489-90 (1973).

As a person committed to a mental health facility, Plaintiff has a right under Maryland law to file a petition for release in state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. <u>See</u> Md. Health Gen. Code Ann., § 10-805(a) and (b). Denial of an application for release may be appealed. <u>See</u> <u>id.,</u> § 10-805(h). Plaintiff has not challenged his commitment order in state court. Special circumstances justifying this Court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. <u>See</u> <u>Moore v. DeYoung</u>, 515 F.2d 437, 449 (3rd Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); <u>Drayton v. Hayes</u>, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); <u>see also</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

To the extent Plaintiff seeks monetary damages for wrongful prosecution, his claim is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994) which states that claims made pursuant to 42 U.S.C. § 1983 that impugn a criminal conviction are barred until the conviction is reversed,

expunged, or invalidated.  Plaintiff has not been convicted and criminal charges are still pending against him.[1]  A claim for damages is premature and must be dismissed without prejudice.

A separate Order follows.

December 7, 2012                                              /s/
                                                    _____
                                                    George L. Russell, III
                                                    United States District Judge

---

[1] See http://casesearch.courts.state.md.us/inquiry.

3